IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE E. FISHER, Executrix of the Estate of Bradley Fisher, Deceased, | : : : | |
| Plaintiff | : : | |
| V. | : : | 3: CV-99-1976 |
| MARQUIP, INC. and WILL-PEMCO, INC., a/k/a PEMCO, INC., successor-in-interest to CLARK AIKEN MATIK, INC., | : : : : : | (JUDGE VANASKIE) |
| Defendant | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE ADMISSION OF OSHA INSPECTION REPORT IDENTIFIED BY THE DEFENDANTS**

**I.     INTRODUCTION**

The present case involves a sheeter/splicer manufactured by the Defendant which was unsafe for its intended use. On June 14, 1999, the unsafe condition of the sheeter/splicer caused injuries and death to Bradley Fisher.

The Occupational Safety and Health Administration conducted an investigation into this incident. In discovery, an OSHA report has been produced by Plaintiff's decedent's employer, International Paper. Defendants have listed the OSHA report as an exhibit which they intend to introduce at the trial of this matter. *See* Defendants' Rule 26(a)(3) Disclosures. The OSHA report listed as an exhibit by Defendants contains numerous redactions, only some of which are expressly indicated. The OSHA report listed as an exhibit by Defendants does not set forth all of the information upon which the OSHA investigators base their conclusions. The OSHA report listed as an exhibit by Defendants does not include the statements or "investigative depositions" taken by the OSHA investigators to support conclusions as they relate to an alleged non-compliance with OSHA regulations.

**II      ARGUMENT**

    **A.      THE EXHIBIT FAILS TO SATISFY THE "BEST EVIDENCE" RULE**

The "Best Evidence Rule" generally requires that the content of a writing be proven through the original. F.R.E. 1002. One Court has observed as follows:

> The "best evidence" rule, more correctly termed the "original writings" rule, is embodied in Article X of the Federal Rules of Evidence, Rule 1001 through 1008 inclusive. The intellectual heart of the rule is embodied in Rule 1002, which provides that "to prove the content of a writing, recording or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by act of congress." Thus, the rule requires the parties that seek to prove what the contents of a writing are must produce the original writing unless a federal statute or another evidence rule affords them an exception. *See* Herzig v. Swift and Company, 146 F.2d 444, 445 (Second Circuit 1945). The rationale behind the rule was noted by one commentator:
>
>> The rule was developed at common law to provide a guarantee against inaccuracy and fraud by insistence upon production at trial of original documents. Over time the scope of the rule was broadened to reflect modern reliance on mechanical and electronic recording devices and sophisticated methods of data compilation, storage, and retrieval, Rule 1001. The great experience of pre trial discovery has measurably reduced the need for the rule."
>
> B. Russell, Bankruptcy Evidence Manual, §1001.0 (1994-95 e.d.).

In Re: MacMillian, Inc., 186 B.R. 35, 47 (S.D. Bankr. 1995).

Pursuant to the foregoing, originals are generally necessary. However, pursuant to Rule 1003, duplicates satisfy the best evidence rule, unless there is a genuine question as to the authenticity of this regard. In this regard, the rule specifically provides as follows:

> "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) from the circumstances it would be unfair to admit the duplicate in lieu of the original."

Pa.R.E. 1003. Thus, where there is a genuine question raised as to the authenticity of the original, or where under the circumstances it would be unfair to admit the duplicate in lieu of the original, the duplicate is not admissible. Id. Thus is the case here. Where exhibits contain redacted portions, this should not be admitted. See e.g., Catmco Industrial Applicators Company v. Dupont, et al, 366 F.Supp. 268, 285 (E.D. Mo. 1973) ("from their own language it appears that portions of [the exhibits] have been deleted)." Likewise, in the present case it would be unfair to the Plaintiff for the Defendants to be able to admit redacted copies of an OSHA report.

Moreover, the exhibit offered by Defendants does not constitute a "duplicate" for purposes of the best evidence rule. In this regard, the rule defines "duplicate" as follows:

> "A 'duplicate' is a counterpart produced by the same impression as the original, or from the same matrix, or by means by photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques which accurately reproduces the original."

F.R.E. 1001(4). Thus a duplicate requires an accurate reproduction of the original. Id. The exhibit offered by Defendant does not accurately reproduce the original, because it contains numerous redactions. Federal Rule of Evidence 1003 does not allow the Defendant to introduce the OSHA exhibit which they intend to introduce, because it does not constitute a duplicate.

Further, the Defendants have not offered the original either in discovery or on their witness list, and therefore does not meet the terms of Federal Rule of Evidence 1002.

Plaintiff also notes that the exception of Federal Rule of Evidence 1005 does not apply in this case. This rule addresses public records which are certified as correct. The document offered by Defendants was not certified as correct (and absolutely is not a correct copy). Further, Defendants list no witness to testify that this would be a correct copy of the original. Of course, they could not, because it is not a correct copy.

Finally, the document offered by Defendants was produced in discovery by International Paper. It apparently was kept in the ordinary course of business of International Paper. It did not come directly from OSHA to any of the parties in this case. Therefore, it does not constitute a document filed and stored in public offices as contemplated by Rule 1005. See e.g., <u>Amoco Production Company v. United States,</u> 619 F.2d 1383, 1390 (10th Circuit 1980) ("however, it is the actual record maintained by the public office which is the object of Rule 1005, not the original deed from which the record is made."). Thus Rule 1005 does not aid the Defendants in trying to admit this exhibit.

Pursuant to the foregoing, the exhibit offered by the Defendants fails to satisfy the requirements of the best evidence rule and may not be admitted at the trial of this matter.

### B. LACK OF AUTHENTICATION

For a document to be admissible in evidence, it must be authenticated. Federal Rule of Evidence 901. Government documents may be authenticated pursuant to Federal Rule of Evidence 902(1)(2), or (4). The OSHA document at issue has not been authenticated in discovery.

Nor have Defendants identified any witness who can authenticate the report which has been circulated in discovery and marked as an exhibit by Defendants. This proposed exhibit is not a true and correct copy. It is a redacted copy.

No witnesses listed can say that this is a full and correct copy of the OSHA report. The document itself references redactions, as follows:

Exhibit A (4 consecutive pages referencing different "exemptions")

Exhibit B information redacted under "exemptions"

Exhibit C additional information redacted under "exemptions"

Exhibit D information redacted under "exemptions"

Exhibit E (referring to "investigative depositions" which are not part of the report and have not been produced in this case).

Exhibit F redactions due to "exemptions" and reference to videotape footage which is not part of the report and not produced in this case.

Exhibit G redactions due to "exemptions" and reference to videotape footage which is not part of the report and not produced in this case.

Even if the document that Defendants seek to introduce is taken at face value, it merely constitutes an incomplete copy of an investigation report prepared by a government agency. It is not the authentic OSHA report nor a correct copy of the OSHA report. It is bits and pieces of a report.

The OSHA report being offered by the Defendants is inadmissible because it is not authentic.

### C.    HEARSAY

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Federal Rule of Evidence 801(d). "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by act of Congress." Federal Rule of Evidence 802. The policy reason behind the inadmissibility of hearsay is that the opposing party cannot cross-examine something said by a witness who is not in the courtroom. The exhibits offered by Defendants constitutes inadmissible hearsay.

Plaintiff acknowledges an exception relating to hearsay for public records and reports. Specifically, the exception reads as follows:

> "(a) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

5

Federal Rule of Evidence 803(a).

The Rule's "trustworthiness provision requires the Court to make a determination as to whether the report, or any portion thereof is sufficiently trustworthy"to be admitted." <u>Beech Air Craft Corporation v. Rainey</u>, 488 U.S. 153, 109 S.Ct. 439, 450 (1988). A non-inclusive list of factors that would relate to trustworthiness has been recognized by the advisory committee as well as the Courts, as follows: (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." <u>Beech</u>, supra at 449, 11 (additional citation omitted). These four factors are non-exhaustive, and the Court may consider other factors. <u>Id.</u>

The Federal Courts have found governmental investigative reports untrustworthy in circumstances similar to those herein. In <u>Kibler v. GMC</u>, 1996 WL 767417 (W.D. Washington 1996), the District Court precluded an investigation report because the opposing party was not able to question the author of the report or to examine the underlying documents forming the basis for the report. Likewise, here, the Plaintiff has no way of knowing what the witnesses said to the OSHA investigators or even who those witnesses were.

In <u>New Jersey Turnpike Authority v. PPG Industries, Inc.</u>, 197 F.3d 96 (3rd Cir. 1999), the Court held that a directive from an agency did not constitute a "factual finding" under Rule 803(a)(c), because there was no proof presented that it was the result of an investigative report. Likewise, here, proof of the extent of the investigation is unknown from the face of the report, and Defendants have not identified any witnesses who could supplement the same.

In <u>Hines v. Brandon Steel Decks, Inc.</u>, 754 F.Supp 199 (M.D. Ga 1991), the Court concluded that the OSHA report was untrustworthy. The Court found that the investigator had no firsthand knowledge of the events in question, took information without holding a hearing and never afforded any interested party an opportunity to cross examine witnesses. Similarly, in the

6

present case, the investigators at OSHA were not on the scene until June 15, 1999, one day following the accident. Therefore, there is no firsthand knowledge by the investigator. The report references no hearing, and it does not appear that any interested party, certainly not the Plaintiff, has had an opportunity to cross-examine witnesses.

In <u>Chicago Insurance Co. v. Chimnee Cricket</u>, 17 Fed Appx. 374 (6th Cir. 2001), the Court held that the state governmental OSHA report did not meet the trustworthiness requirements of Rule 803(a)(c). The investigator's factual findings were based primarily upon interviews that he conducted and there was nothing to indicate the trustworthiness of the underlying statements. In the present case, it is worse. We do not even have what the underlying statements to the OSHA investigators were. There is absolutely no way to test the trustworthiness of any underlying statements, because they are not part of the report.

The cases where the courts have found the investigative reports trustworthy involve circumstances not present here. In those cases, the following were clear from the reports themselves: the facts found by the investigators; the information known by the investigators, and the basis for the conclusions reached. See e.g., <u>Beech</u>, supra at 439 ("this 'JAG report' completed during the six weeks following the accident, was organized into sections labeled 'finding of fact,' 'opinions,' and 'recommendations,' and was supported by some sixty attachments").

To the contrary, in the present case, the OSHA report only appends the lockout/tagout program in effect at International Paper. It does not append the investigative depositions upon which the investigators relied in forming their factual findings and conclusions. In cases like <u>Beech</u>, the opposing party had the opportunity to understand the basis for the investigators conclusions and could presumably attack that through extrinsic evidence and argument at trial. In the present case, however, Plaintiff does not have that opportunity. Plaintiff does not know who provided the information to OSHA. Plaintiff does not know the specific facts and information

reported to OSHA. Plaintiff does not have any of the statements given to OSHA. The OSHA investigator is not listed as a witness by Defendants, and would not be expected to testify at trial. See e.g., Wade v. Singer Co., 130 F.R.D. 89 (N.D. Illinois 1990) (deferring to OSHA, as administrative agency, with respect to avoiding testimony of OSHA employee).

The OSHA report identified by Defendant is not sufficiently trustworthy to be admitted at the trial of this matter. It would prejudice the Plaintiff, because the Plaintiff would not be able to question the investigator or the witnesses interviewed or deposed by the investigator and could not argue to a jury about the facts known by the investigator. Since it is untrustworthy, the exhibit constitutes inadmissible hearsay, and the Court should preclude Defendants from admitting the same into evidence.

### D.     RULE 403 PRECLUDES THE REPORT

The Courts have recognized that the District Court should consider other rules of evidence, such as Rule 401 and 403. Beech, supra. In this regard, the Eleventh Circuit Court of Appeals has noted the following:

> "Finally, the District Court might consider whether the report should be excluded under any of the other rules of evidence. For instance, if sufficient evidence existed on the question of agency, then the report may be cumulative and excludable under Federal Rule of Evidence 403. The report might also be excluded as irrelevant or as more prejudicial than probative. Federal Rule of Evidence 402 and 403."

Hines, supra at 304 (additional citations omitted).

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Federal Rule of Evidence 403. This rule also applies to preclude admission of the OSHA report proffered by Defendants. Between the two defendants, there are three liability experts who have submitted reports in this case. Each of these experts has rendered an opinion that there was a

violation of OSHA standard. Therefore, introducing the OSHA report would be cumulative to these expert opinions.

Moreover, there is a danger in this case that the jury would place undue weight upon government findings. This would be prejudicial to the Plaintiff, and the report is inadmissible for this reason as well.

### E.    THE FACT OF CITATIONS/FINE/PENALTY AND PAYMENT IS IRRELEVANT.

In the present case, Plaintiff's claims are not against Plaintiff's employer, International Paper. They are against the product manufacturer which designed, manufactured and sold, in an unsafe condition, the sheeter/splicer on which Plaintiff was injured. Whether or not International Paper was cited or fined is not relevant to any of the issues herein.

Even if they were relevant, the Courts have held that Federal Rule of Evidence 408 prohibits ("Compromise and Offers to Compromise") the introduction into evidence of the fact that [the employer] paid the OSHA fine. Masemer v. Delmarva Power and Light Co., 723 F.Supp. 1019, 1022 (D. Delaware 1989). Therefore, if the Court were to allow portions of the OSHA report, the Court should still preclude evidence of the citations/fines/penalties and payment and negotiation of payment of the same.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court preclude Defendants from introducing evidence of the OSHA report, referring to the same and/or arguing about it.

           Respectfully submitted:

           THE POWELL LAW GROUP, P.C.

           BY:     /s/ Robert J. Powell
                ROBERT J. POWELL, ESQUIRE
                Attorney I.D. No. 58363

           BY:     /s/ Stephen A. Seach
                STEPHEN A. SEACH, ESQUIRE
                Attorney for Plaintiff
                Attorney I.D. No. 67416
                123 Warren Street
                West Hazleton, PA 18202-2183
                (570) 450-5529